UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| DAMON J. BALDONE, LLC | * | CIVIL ACTION |
| VERSUS | * | NO. 24-543 |
| STARR SURPLUS LINES INSURANCE COMPANY, ET AL. | * | SECTION "P" (2) |

**ORDER AND REASONS**

Pending before me is the Motion to Intervene filed by non-party Federal National Mortgage Association d/b/a Fannie Mae.  ECF No. 25.  Movant seeks to intervene as of right pursuant to Fed. R. Civ. P. 24(a) or, alternatively, permissively pursuant to Fed. R. Civ. P. 24(b).  Plaintiff has consented, but Defendants did not respond.  *Id.* at 1 n.1.  No party has filed an Opposition to the motion, and the deadline for same expired on Tuesday, May 21, 2024.  *See* E.D. La. L.R. 7.5.  Further, no party requested oral argument in accordance with Local Rule 78.1, and the Court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, the Motion to Intervene is GRANTED for the reasons stated herein.

**I.   BACKGROUND**

Plaintiff Damon J. Baldone, LLC filed suit on March 4, 2024, to recover for contractual and extra-contractual damages from its insurers after its property was damaged by theft, vandalism and/or malicious mischief.  ECF No. 1.  Plaintiff's property secures a $6.7 million note now owned by Fannie Mae.  On May 13, 2024, Fannie Mae sought to intervene in Plaintiff's suit against its insurers in accordance with the mortgage document's insurance clause.  ECF No. 25-1 at 2.  Intervenor alleges that jurisdiction is proper based on supplemental jurisdiction, 28 U.S.C. § 1367.  ECF No. 25-2 ¶ 8.

Plaintiff expressly consented to the intervention, but Defendants failed to respond. ECF No. 1 at 1 n.1. No party, however, has timely filed an opposition memorandum. Accordingly, the motion is considered as unopposed.

## II.   LAW AND ANALYSIS

Intervention may be either "of right" or permissive under Federal Rule of Civil Procedure 24. Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who: (1) is given an unconditional right to intervene by a federal statute; or (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

A movant seeking to intervene under Rule 24(a)(2) must demonstrate that (1) it timely applied for intervention; (2) it has an interest relating to the property or transaction that is the subject of the case; (3) disposition of the case may practically impair or impede its ability to protect that interest; and (4) it is inadequately represented by the existing parties.[1] "In the absence of any of these elements, intervention as of right must be denied."[2]

Although the movant bears the burden of establishing its right to intervene,[3] Rule 24 is liberally construed.[4] "[T]he inquiry under [Rule 24] (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application," and "intervention of right must

---

[1] *Adam Joseph Res. v. CNA Metals Ltd.*, 919 F.3d 856, 865 (5th Cir. 2019) (citing FED. R. CIV. P. 24(a); *Sierra Club v. Espy*, 18 F.3d 1202, 1204–05 (5th Cir. 1994)).
[2] *Graham v. Evangeline Par. Sch. Bd.*, 132 F. App'x 507, 511 (5th Cir. 2005) (citing *United States v. Franklin Par. Sch. Bd.*, 47 F.3d 755, 758 (5th Cir. 1995)).
[3] *See Wal-Mart Stores, Inc. v. Tex. Alcoholic Beverage Comm'n*, 834 F.3d 562, 565 (5th Cir. 2016) (citation omitted).
[4] *Id.* at 565 (citations omitted) ("Although the movant bears the burden of establishing its right to intervene, Rule 24 is to be liberally construed.").

be measured by a practical rather than technical yardstick."[5]  Courts should allow intervention "where no one would be hurt and greater justice could be attained.'"[6]

In addition, the court must have jurisdiction over the intervention claim, which depends on whether supplemental jurisdiction under 28 U.S.C. § 1367 exists.  If the case is before the court based solely on diversity jurisdiction, the court will not have supplemental jurisdiction over claims by Rule 24 intervenors when jurisdiction would be inconsistent with § 1332 requirements.  28 U.S.C. § 1367(b).[7]  When, however, the district court exercises federal question jurisdiction, supplemental jurisdiction over the intervention complaint is proper under 28 U.S.C. § 1367(a).[8]  In this case, jurisdiction is premised on diversity.  ECF No. 1, ¶ 6, at 3.

Movant adequately establishes that it timely sought intervention as this motion was filed less than two weeks after issuance of the Scheduling Order and trial is not scheduled until July 2025.  ECF No. 20.  Further, intervention will not cause any delay or change the nature of the pending litigation.  Fannie Mae asserts an interest in the subject matter of the action as mortgagee having a direct, substantial, and legally protectable interest in the property and insurance proceeds for damages sustained to its collateral.  ECF No. 25-1 at 6-8.  Likewise, as the claims at issue relate directly to the insurance proceeds, any disposition of the action in favor of Plaintiff will impair or impede Fannie Mae's ability to protect its interests.  *Id.* at 9.  Finally, Fannie Mae claims that its interests are not otherwise adequately represented, noting that it has its own independent interest in the suit not adequately represented by the existing parties.  *Id.*

---

[5] *Ceres Gulf v. Cooper*, 957 F.2d 1199, 1202 (5th Cir. 1992) (internal quotations omitted) (quoting *United States v. Tex. E. Transmission Corp.*, 923 F.2d 410, 413 (5th Cir. 1991)).
[6] *Adams Joseph Res.*, 919 F.3d at 865 (quoting *Sierra Club*, 18 F.3d at 1205).
[7] *White v. New Orleans & Gulf Coast Ry. Co.*, No. 19-10389, 2021 WL 5387665, at *1 (E.D. La. Nov. 18, 2021).
[8] *Cf. Lombardi v. Bank of Am., N.A.*, 734 F. App'x 257, 258 (5th Cir. 2018) (finding supplemental jurisdiction proper when, after case was removed based on diversity but before intervention was sought, plaintiff voluntarily added a federal question claim).

Although Fannie Mae asserts that this Court has supplemental jurisdiction over this intervention, § 1367 does not provide subject matter jurisdiction over a complaint in intervention when subject matter of the underlying case is based solely on diversity jurisdiction. 28 U.S.C. § 1367(b). A national banking association is a citizen of the state in which its main office is located.[9] For diversity purposes, Fannie Mae is a citizen of the District of Columbia. 12 U.S.C. § 1717(a)(2)(B).

### III. CONCLUSION

Movant has satisfied the burden to establish that intervention as of right is proper. Its Complaint in intervention, however, fails to properly allege the existence of diversity jurisdiction. Accordingly, for the foregoing reasons,

IT IS ORDERED the Motion to Intervene filed by Federal National Mortgage Association d/b/a Fannie Mae (ECF No. 25) is GRANTED.

IT IS FURTHER ORDERED that movant correct the jurisdictional allegations set forth in its Complaint in Intervention (ECF No. 25-2) to properly allege the existence of diversity jurisdiction and file the corrected Complaint in Intervention.

New Orleans, Louisiana, this __30th__ day of May, 2024.



DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[9] 28 U.S.C. § 1348; *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).