**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **DAMON J. BALDONE, LLC** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-543** |
| **STARR SURPLUS LINES INSURANCE COMPANY, ET AL.** | **SECTION: "P" (2)** |

**ORDER AND REASONS**

The Court has before it *Defendants' Objections and Motion for Review Under Rule 72(a) of Magistrate Judge's Order (Rec. Doc. 82) on the Trustee's Motion to Substitute or, in the Alternative, to Intervene (Rec. Doc. 54).*[1] Defendants object to the Magistrate Judge's Order allowing the Trustee to substitute into the lawsuit as the real party in interest to prosecute the claims alleged in the Complaint involving the Chateau Creole Apartments.[2] Defendants argue the Magistrate Judge's Order and Reasons is both contrary to law and clearly erroneous and ask this Court to reverse the Magistrate Judge's decision. The Trustee filed a memorandum in opposition to Defendants' motion,[3] and Defendants filed a reply memorandum.[4] Having considered the motion, the parties' briefing, the record, and the applicable law, Defendants' motion is DENIED for the following reasons.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2024, Plaintiff Damon J. Baldone, LLC filed this lawsuit alleging that two properties—Chateau Desa Apartments and Chateau Creole Apartments—sustained damage from theft, vandalism, and/or malicious mischief in March 2022. Plaintiff alleged that Defendants insured the properties and are liable for contractual and extra-contractual damages as a result of

---

[1] R. Doc. 100.
[2] R. Doc. 82.
[3] R. Doc. 103.
[4] R. Doc. 105.

their failure to timely pay the full amount owed under the insurance policies for the covered losses and their failure to fairly and promptly adjust the insurance claims.[5]

In January 2025, Defendants filed a motion to stay this case subject to the resolution of two motions that were pending before the United States Bankruptcy Court for the Eastern District of Louisiana in *In Re: Chateau Creole Apartments, LLC*, Case No. 24-10608 ("the Bankruptcy Case").[6] Defendants' motion to stay put this Court on notice that Plaintiff Damon J. Baldone, LLC did not own the Chateau Creole Apartments ("the Property"). Instead, the Property was owned by Chateau Creole Apartments, LLC, the bankruptcy debtor in the Bankruptcy Case; and the Property itself and the claims against the Defendants in this lawsuit were claimed assets in the Bankruptcy Case.[7] Because Chateau Creole Apartments, LLC was not a party to this lawsuit and because there was a motion pending before the bankruptcy court to appoint a Trustee to represent the interests of Chateau Creole Apartments, LLC, this Court stayed and administratively closed this action pending the resolution of the outstanding motions in the Bankruptcy Case.[8]

On January 24, 2025, the bankruptcy judge appointed Dwayne M. Murray as the Chapter 11 Trustee of Chateau Creole Apartments, LLC.[9] And in February 2025, the bankruptcy judge appointed Fishman Haygood, LLP as Special Litigation Counsel to represent the Chapter 11 Trustee in this lawsuit.[10] In April 2025, Trustee Murray appeared in this lawsuit for the first time by filing a motion to reopen the case.[11] The Trustee sought to reopen the case as the proper party

---

[5] R. Doc. 1.

[6] R. Doc. 37.

[7] *See* R. Doc. 37-1 at 1–2.

[8] R. Doc. 44.

[9] *In re Chateau Creole Apartments, LLC*, No. 2:24-bk-10608 (Bankr. E.D. La.), R. Doc. 239.

[10] *In re Chateau Creole Apartments, LLC*, No. 2:24-bk-10608 (Bankr. E.D. La.), R. Doc. 285.

[11] *See* R. Doc. 45.

to pursue the claims related to the Chateau Creole Apartments.[12] Having received no opposition from Plaintiff or Defendants, the Court granted the Trustee's motion and reopened the case.[13]

In December 2025, Trustee Murray filed a motion to be substituted as party plaintiff in this action with respect to any and all claims related to the Chateau Creole Apartments, or, in the alternative, to be granted leave to intervene to prosecute the claims against the Defendants related to the Chateau Creole Apartments.[14] The Trustee's motion was referred to the assigned Magistrate Judge for determination pursuant to Federal Rule of Civil Procedure 72(a).[15] At the request of the parties, the Magistrate Judge held oral argument and an evidentiary hearing prior to resolving the Trustee's motion.[16]

On February 10, 2026, the Magistrate Judge issued an Order and Reasons granting Trustee Murray's motion to substitute.[17] The Magistrate Judge concluded that under Rule 17(a)(3) of the Federal Rules of Civil Procedure, Trustee Murray should be substituted as the real party in interest to prosecute the claims involving the Chateau Creole Apartments. And the Magistrate Judge further provided, in dicta, that Trustee Murray's alternative request for intervention would be proper in the event substitution was not appropriate.

Defendants timely filed objections to the Magistrate Judge's Order and Reasons and ask the Court to reverse the Magistrate Judge's decision under Federal Rule of Civil Procedure 72(a).[18]

---

[12] Id.

[13] R. Doc. 46.

[14] R. Doc. 54.

[15] R. Doc. 57.

[16] *See* R. Docs. 66, 75.

[17] R. Doc. 82.

[18] R. Doc. 100; *see also* R. Doc. 84 (granting Defendants' motion to extend their deadline to file objections under Rule 72(a) until March 10, 2026).

## II.    LEGAL STANDARD

The parties are in agreement as to the legal standard.[19] Under Rule 72(a) of the Federal Rules of Civil Procedure, a magistrate judge's ruling on a non-dispositive pretrial matter is subject to reversal only if the decision is "clearly erroneous or contrary to law."[20] As such, the party seeking to modify or set aside a magistrate's judge ruling "bears a heavy burden."[21] "A finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed."[22] A legal conclusion is contrary to law "when the magistrate fails to apply or misapplies relevant statutes, case law, or rules of procedure."[23]

## III.    ANALYSIS

Defendants raise three objections to the Magistrate Judge's Order and Reasons. The Court addresses each in turn.

### A.    Defendants' objection that the Magistrate Judge's ruling is contrary to law.

First, Defendants contend that the Magistrate Judge's ruling is contrary to law because Damon J. Baldone, LLC had no insurable interest in the Chateau Creole Apartments and therefore no right to enforce any insurance claim against Defendants; accordingly, Defendants argue, Damon J. Baldone, LLC had no rights to transfer to the Trustee, and thus the Trustee cannot be substituted in the place of Damon J. Baldone, LLC to pursue claims Damon J. Baldone, LLC never had any right to pursue.[24] Defendants' argument rests on the theory that the Magistrate Judge's decision to allow the Trustee's substitution is based on Federal Rule of Civil Procedure 25(c),

---

[19] *See* R. Doc. 100 at 2 and R. Doc. 103 at 7.
[20] FED. R. CIV. P. 72(a); 28 U.S.C. § 636(b)(1)(a).
[21] *Seacor Marine, L.L.C. v. Cummins Mid-S., Inc.*, No. 09-383, 2010 WL 2292152, at *2 (E.D. La. June 3, 2010).
[22] *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).
[23] *Ambrose-Frazier v. Herzing Inc.*, No. 15-1324, 2016 WL 890406, at *2 (E.D. La. Mar. 9, 2016).
[24] R. Doc. 100-1 at 7–9.

which permits the substitution of parties when a named party's interest in the action is transferred while the action is pending.[25]  Indeed, Rule 25(c) states, "If an interest is transferred, the action may be continued by or against the original party unless the court, on motion, orders the transferee to be substituted in the action or joined with the original party." Thus, Rule 25(c) applies to situations in which the original party is the real party in interest at the time the action is filed and there is a subsequent transfer of interest while the action is pending.[26] Upon review of the Magistrate Judge's Order and Reasons, however, it is clear the Magistrate Judge's decision to permit the Trustee's substitution is not based on Rule 25(c) or any transfer of interest from Damon J. Baldone, LLC to the Trustee (or to Chateau Creole Apartments, LLC). Rather, the Magistrate Judge applied Rule 17(a)(3), which governs situations in which an action is commenced in the name of someone other than the real party in interest and permits the substitution of the real party in interest to cure that defect when certain requirements are met.[27] The Magistrate Judge conducted the requisite analysis under Rule 17(a)(3) and concluded that although this action was commenced in the name of Damon J. Baldone, LLC, which was not the real party in interest, the Trustee, as the real party in interest, should be permitted to substitute as plaintiff with respect to the claims related to the Chateau Creole Apartments, and thus the action shall proceed as if it had been originally commenced by the real party in interest.[28]

Because the substitution in this case is governed by Rule 17(a)(3), and not Rule 25(c), it is irrelevant that Damon J. Baldone, LLC had no rights or interest in this action to transfer to the

---

[25] *See* R. Doc. 100-1 at 9, n.3; *see also* FED. R. CIV. P. 25(c); 7C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1958 (3d ed. 2026).

[26] *See* 7C WRIGHT & MILLER'S FEDERAL PRACTICE & PROCEDURE § 1958 (3d ed. 2026) ("Rule 25(c) speaks to the situation in which 'an interest is transferred' during the pendency of an action. If an interest has been transferred prior to commencement of the suit, Rule 17, requiring that an action be brought in the name of the real party in interest and defining capacity to sue and be sued, is controlling.").

[27] R. Doc. 82 at 6; FED. R. CIV. P. 17(a)(3).

[28] R. Doc. 82 at 6–13.

Trustee. The Trustee's substitution was in no way based on any transfer of interest from Damon J. Baldone, LLC. Accordingly, Defendants' objection that the Magistrate Judge's decision is contrary to law for failure to consider that Damon J. Baldone, LLC had no rights to transfer to the Trustee and thus that the Trustee could not "substitute" in this action as the transferee of Damon J. Baldone, LLC's interest is overruled.

### B. Defendants' objection that the Magistrate Judge's factual findings are clearly erroneous.

Turning to Defendants' second objection, Defendants contend the Magistrate Judge's factual findings were clearly erroneous because Damon J. Baldone, LLC's filing suit in its name was not an honest or understandable mistake. In this argument, Defendants recognize that the Magistrate Judge's decision to allow substitution was based on Federal Rule of Civil Procedure 17(a)(3). And all parties agree that substitution of the real party in interest under Rule 17(a)(3) is permissible only when the action was instituted in the name of the wrong party as a result of an understandable mistake or because the determination of the proper party to bring the action was difficult.[29] In this case, the Magistrate Judge concluded that plaintiff filing suit in the name of Damon J. Baldone, LLC was the result of an understandable mistake and not the result of any deceitful conduct.[30] Defendants object to this finding as clearly erroneous based on the evidentiary record.

Under the clearly erroneous standard, the district court may not disturb a factual finding of the magistrate judge unless, although there is evidence to support it, the district court is left with

---

[29] *See* R. Doc. 100-1 at 10–11 and R. Doc. 103 at 9–10; *see also Weiburg v. GTE Southwest Inc.*, 272 F.2d 302, 308 (5th Cir. 2001) ("In accordance with the Advisory Committee's note, most courts have interpreted the last sentence of Rule 17(a) as being applicable only when the plaintiff brought the action in her own name as the result of an understandable mistake, because the determination of the correct party to bring the action is difficult.").
[30] R. Doc. 82 at 9–13.

the definite and firm conviction that a mistake has been committed.[31] If a magistrate judge's account of the evidence is plausible in light of the record viewed in its entirety, the district court may not reverse it even if the district court would have decided the case differently if it was sitting as the factfinder.[32] Indeed, if two views of the evidence are permissible, a magistrate judge's choice between them cannot be clearly erroneous.[33]

Here, the Magistrate Judge recognized that the insurance coverage at issue in this case is part of a complex insurance program whereby a named insured (JKL Group, LLC) assimilated various commercial property owners to share insurance coverage provided by various insurer participants, each with "follow form" coverage but under their own policy numbers. The Magistrate Judge credited Damon Baldone's testimony provided during the evidentiary hearing, where he explained that although he is an experienced attorney who handles insurance litigation, he has never handled a case involving this type of complicated insurance policy issued through a broker such as JKL Group, LLC. Mr. Baldone further explained that prior to filing suit, he requested that his insurance agent provide him with a copy of the insurance policy because he did not maintain copies of the insurance application or policy. Under the language of the policy, "Insured" was defined as "Each Designated Named Insured listed on the JKL Group, LLC (hereafter 'JKL') Master of Statement of Values on file . . .." Mr. Baldone testified that he filed suit in the name of Damon J. Baldone, LLC because the Schedule of Values he was provided listed Damon J. Baldone, LLC as the Named Insured for each of the properties under the location name of Chateau Creole.

---

[31] *Anderson v. City of Bessemer City*, 470 U.S. 564, 573 (1985) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).
[32] *Id.*
[33] *Id.*

Mr. Baldone also disputed Defendants' assertions that the reason he filed this lawsuit in the name of Damon J. Baldone, LLC was to avoid the creditors of Chateau Creole Apartments, LLC. Mr. Baldone pointed out that one of the creditors, Fannie Mae, intervened in this lawsuit shortly after it was filed, asserting its rights to the insurance proceeds under the terms of the mortgage agreement securing the $6.7 million note issued to Chateau Creole Apartments, LLC. Additionally, Mr. Baldone pointed out that he also filed a separate lawsuit in the name of Damon J. Baldone, LLC against Defendants, based on the same insurance policy, regarding damage to the Chateau Creole Apartments following Hurricane Ida. And all insurance proceed checks that were issued for Hurricane Ida coverage included Fannie Mae as a payee.

Various other documents related to the insurance policy were also admitted at the evidentiary hearing, including the application to renew commercial insurance coverage. Although the application listed "Damon J. Baldone, ET AL" as the first named insured, the application also included a form, titled "Supplemental Names (Other Named Insureds)," wherein "Chateau Creal [sic] Apartments, LLC" and various other entities were listed as other named insureds. Also admitted into evidence were the property insurance quote and the premium finance agreement, which, respectively, listed the insured as "Damon J. Baldone, LLC" and "Damon J. Baldone, LLC et al."

Ultimately, the Magistrate Judge found that, "[g]iven Baldone's testimony and considering the complexity of this unusual type of policy, coupled with Fannie Mae's prompt interventions and inclusion as payee of insurance proceed checks, Baldone's mistaken conclusion that [Damon J. Baldone, LLC] was the named insured and/or had authority to file suit for the separate entity

known as Chateau Creole Apartments, LLC, while incorrect, is not unreasonable or deceitful conduct."[34]

Defendants argue the Magistrate Judge's finding is clearly erroneous because Mr. Baldone is an experienced insurance claims attorney, knew that Damone J. Baldone, LLC was not the owner of the Chateau Creole Apartments, and also knew that the application for insurance provided that Chateau Creole Apartments, LLC was to be included as a named insured under the insurance policies issued by Defendants. Defendants also argue that the Magistrate Judge's reliance on what Mr. Baldone testified to be the Schedule of Values ("SOV") applicable to the insurance policies in this case is misplaced because the Defendants do not recognize that document, and they contend that a different document is actually the policies' SOV. Defendants further argue that Fannie Mae's intervention in this lawsuit and inclusion as a payee on the Hurricane Ida proceeds are irrelevant and do not make the filing of this lawsuit in the wrong party's name the product of an honest or understandable mistake.

For the following reasons, the Court concludes Defendants' arguments fail to establish that the Magistrate Judge's finding was clearly erroneous. As an initial matter, the Magistrate Judge recognized that Mr. Baldone is an experienced insurance claims attorney, that he knew Damon J. Baldone, LLC did not own the Chateau Creole Apartments, and that the insurance renewal application included an attachment listing Chateau Creole Apartments, LLC as an "other named insured." The Magistrate Judge nevertheless credited Mr. Baldone's testimony that he has never handled a case involving the type of complicated insurance policy at issue here. The Magistrate Judge further credited Mr. Baldone's testimony that he filed this lawsuit in the name of Damon J. Baldone, LLC after referencing the policy documents provided to him by his insurance agent. It is

---

[34] R. Doc. 82 at 12.

undisputed that, under the terms of the policy, "Insured" is defined as "Each Designated Named Insured listed on the JKL Group, LLC . . . Master Statement of Values on file . . .." And Mr. Baldone testified that the SOV he was provided, which was also admitted into evidence, listed Damon J. Baldone, LLC as the Named Insured for the properties with the location name Chateau Creole. It is certainly plausible that even an experienced insurance claims attorney could conclude that the proper party to prosecute the claims on behalf of Chateau Creole Apartments was Damon J. Baldone, LLC, when the policy documents provided to that person, and upon which that person relied in determining the proper party to bring the suit, listed Damon J. Baldone, LLC as the Named Insured for the properties at issue.

Next, Defendants argue that the document Mr. Baldone identified as the policies' SOV during the evidentiary hearing has no evidentiary value and should not have been relied upon by the Magistrate Judge because it is not the "actual SOV" contained in Defendants' policies and "does not reflect the same information" as the SOV included in Defendants' policies. This argument is unavailing. Substitution under Rule 17(a)(3) turns on whether Mr. Baldone made an understandable mistake in bringing this lawsuit in the name of someone other than the real party in interest. Even if the document identified by Mr. Baldone as the SOV is not the "actual SOV" contained in Defendants' policies, Defendants do not challenge that the SOV Mr. Baldone testified to during the evidentiary hearing is the document that was sent to him by his insurance agent and the document upon which he relied in determining the proper party to bring the claims related to the Chateau Creole Apartments. The question is not whether Mr. Baldone was correct in his determination of the proper party to sue; the question is whether he made an understandable mistake in bringing the suit in the name of someone other than the real party in interest. Thus, contrary to Defendants' argument, the document Mr. Baldone identified as the policies' SOV does

10

have evidentiary value, as it is the document that was provided to him by his insurance agent as the policies' SOV and the document upon which he relied in determining the proper party to bring the claims in this lawsuit, which, as discussed above, is relevant to the determination of whether Mr. Baldone made an understandable mistake.

Finally, Defendants argue that the Magistrate Judge's finding is clearly erroneous because Fannie Mae's intervention in this action and inclusion as a payee on the Hurricane Ida insurance proceed checks are irrelevant to the issue of whether this action was brought in the name of Damon J. Baldone, LLC as a result of an honest or understandable mistake. The Court disagrees that the Magistrate Judge's consideration of Fannie Mae's involvement is irrelevant. Defendants themselves made Fannie Mae a relevant issue by arguing that Mr. Baldone's decision to bring this lawsuit in the name of Damon J. Baldone, LLC was intentional, for the purpose of avoiding the creditors of Chateau Creole Apartments, LLC, and was not the product of an honest or understandable mistake. Accordingly, Fannie Mae's prompt intervention in this lawsuit and inclusion as a payee on insurance proceeds checks are relevant considerations, as these facts undermine Defendants' argument regarding Mr. Baldone's motive for failing to bring the lawsuit in the name of the real party in interest.

For all these reasons, Defendants' objection that the Magistrate Judge's ruling is clearly erroneous is overruled.

### C. Defendants' objection that the Magistrate Judge's alternative findings on the motion to intervene were clearly erroneous.

Defendants' final objection is to the Magistrate Judge's finding that intervention would be permissible were substitution not appropriate. The Trustee's motion sought to substitute or, in the alternative, to intervene in the lawsuit to prosecute the claims related to the Chatea Creole Apartments. The Magistrate Judge determined that substitution was proper and alternatively

determined intervention would be allowed were substitution not appropriate. Defendants argue that the Trustee's motion to intervene was untimely and, thus, the Magistrate Judge erred in finding that intervention would be permissible were substitution not appropriate. The Court need not resolve this objection because the Magistrate Judge granted the Trustee's motion to substitute, and that ruling remains in place. Accordingly, the Trustee's alternative motion to intervene, and any objections related to the ruling on that motion, are moot.

## IV.   CONCLUSION

Defendants have failed to show that the Magistrate Judge's decision to allow the Trustee's substitution under Federal Rule of Civil Procedure 17(a)(3) was contrary to law or clearly erroneous. Rather, after considering Defendants' objections, the Court concludes the Magistrate Judge applied the proper law, weighed the evidence presented, and came to the plausible conclusion that the filing of this suit in the name of Damon J. Baldone, LLC was the result of a reasonable mistake, and not any deceitful conduct.

Accordingly,

**IT IS ORDERED** that "*Defendants' Objections and Motion for Review Under Rule 72(a) of Magistrate Judge's Order (Rec. Doc. 82) on the Trustee's Motion to Substitute or, in the Alternative, to Intervene (Rec. Doc. 54)*"[35] is **DENIED**.

New Orleans, Louisiana, this 8th day of July 2026.

_____
**DARREL JAMES PAPILLION**
**UNITED STATES DISTRICT JUDGE**

---

[35] R. Doc. 100.

12